# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

### DOCKET NO. 3:04-cr-267-FDW

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| JEFFREY A. HOPKINS, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

THIS MATTER comes now before the Court upon Defendant's "Motion to Rescind Order Dated 06/12/2009 Because it Contradicts Order Dated 05/20/2009" (Doc. No. 29). Defendant's Motion is DENIED.

On August 29, 2008, Defendant filed a pro se "Motion for Sentence Reduction," presenting various theories and moving the Court to "rectify incorrect application of the sentencing guidelines and the government's failure to fulfill its post sentencing legal obligations." (Def.'s Mot., Doc. No. 20, at 1.) The Court, noting that the time for appeal had expired, gave notice under <u>Castro v. United States</u> that it intended to recharacterize Defendant's motion as a motion to vacate, correct, or set aside sentence pursuant to 28 U.S.C. § 2255. The Court gave Defendant thirty (30) days, on or before May 27, 2009, to withdraw his motion or amend it to include all potential § 2255 claims he believed he had. Defendant objected to this time limit, arguing that he had not been given timely notice of the recharacterization order (Doc. Nos. 24, 25.) The Court gave Defendant an additional thirty (30) days, on or before June 22, 2009, to withdraw or amend his motion and ordered that Defendant be served with the order (Doc. No. 26.) On June 4, 2009, Defendant filed a motion to vacate, set aside, or correct sentence pursuant to § 2255 (Doc. No. 27). On June 12, 2009, the Court

dismissed Defendant's Motion, noting that it was time-barred under the one-year time limitation found within the Antiterrorism and Effective Death Penalty Act of 1996 (Doc. No. 28).

Defendant's current Motion objects to the dismissal of his § 2255 motion, arguing that under this Court's Orders he had until June 22, 2009, to file his motion. Defendant's argument confuses two completely different time lines: (1) this Court's internal scheduling time line for when it will hear motions, a necessity for any court wishing to run an orderly docket; and (2) the time line set by statute, providing that criminal defendants have one year from certain occurrences, the relevant date in this case being the date of judgement, within which to file a § 2255 motion. This Court's Orders giving Defendant up to and until June 22, 2009, had nothing to do with the merits of Defendant's § 2255 motion. Rather, this was a scheduling date within which Defendant was to respond to the Court's intent to characterize his "Motion for Sentence Reduction" as a § 2255 motion. Once Defendant filed his § 2255 motion within the Court's scheduling time line, the Court conducted a thorough analysis of his motion. Upon conducting this analysis, the Court discovered that Defendant's motion was time-barred, not by any procedural limitation of this Court, but by the statutory one-year limitation created by Congress. In no way did the Court's scheduling orders imply that the Court would set aside the statutory one-year limitation. Indeed, even had the Court desired to do so, the circumstances of this case do not present the Court with the authority to expand Congress's express one-year limitation.[1]

---

[1] An untimely § 2255 motion may be heard under the doctrine of equitable tolling, but this is "an extreme remedy" and is permitted "only sparingly." See Jones v. United States, 304 F.3d 1035 (11th Cir. 2002) (citing Irwin v. Department of Veterans Affairs, 498 U.S. 89 (1990)). Nowhere does Defendant purport to satisfy the standard for the equitable tolling of his § 2255 claims.

For the reasons stated herein, Defendant's "Motion to Rescind" is DENIED.

IT IS SO ORDERED.    Signed: June 24, 2009

Frank D. Whitney
United States District Judge