# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## DOCKET NO. 3:04-cr-267-FDW

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | |
| ) | |
| JEFFREY A. HOPKINS, ) | ORDER |
| ) | |
| Defendant. ) | |
| ) | |

THIS MATTER comes now before the Court upon Defendant's Motion for Certificate of Appealability (Doc. No. 32). Defendant's arguments are plentiful but largely irrelevant to the Court's ruling that his motion pursuant to 28 U.S.C. § 2255 was untimely (Doc. No. 28). Defendant does, however, raise one germane argument regarding timeliness, which the Court will now address.

The one-year period of limitation under § 2255 runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

In its Order, the Court operated under subsection (1), the date on which the judgment of conviction became final. That date was May 5, 2007, making his § 2255 motion due on or before May 5, 2008. Defendant now contends that the analysis should have been under subsection (2). According to

Defendant, the applicable impediment here was the ineffectiveness of his court-appointed counsel, Bruce Park, and that this impediment was not removed until Mr. Park's death on December 22, 2007. Using this date, Defendant's Motion, which was arguably filed first on August 29, 2008, was timely.

Defendant cites Green v. Johnson, 515 F.3d 290 (4th Cir. 2008), in support of his argument that an allegedly ineffective court-appointed attorney can act as an impediment under 28 U.S.C. § (f)(2). Green is perhaps not as clear as Defendant would wish in that it mentions allegedly ineffective counsel only as a "purported impediment" and ruled that the defendant's § 2255 motion was untimely under any proposed date. Id. at 305. However, given the Fourth Circuit's treatment of the argument as at least colorable, the Court feels that it must address this argument in more detail. Unfortunately, detail on this issue is almost entirely lacking from Defendant's Motion.

The Court therefore ORDERS the following:

- Defendant' Motion for Certificate of Appealability is DENIED because the critical timeliness issue is raised there for the first time.
- The Court will, however, allow Defendant to file a limited motion for reconsideration on the timeliness issue alone. In this motion, Defendant shall address the following concern of the Court: Mr. Park's representation of Defendant was officially terminated on April 25, 2007, the date of Defendant's judgment. How, then, did Mr. Park impede Defendant from filing a motion under § 2255 up to and until Mr. Park's death on December 22, 2007? Defendant's motion shall include a sworn affidavit detailing the specific way(s) in which Mr. Park so impeded him between the period of April 25, 2007, and December 22, 2007.

- The Government shall respond to Defendant's motion for reconsideration, assuming one is filed, addressing the impediment issue mentioned by the Fourth Circuit in <u>Green v. Johnson</u> and argued by Defendant.

IT IS SO ORDERED.　　　　　　　　Signed: July 28, 2009

Frank D. Whitney
United States District Judge