# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

**DOCKET NO. 3:04-cr-267-FDW**

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>vs. )<br>)<br>JEFFREY A. HOPKINS, )<br>)<br>Defendant. )<br>)<br>)  | **ORDER** |

THIS MATTER comes now before the Court upon Defendant's latest Motion for Reconsideration (Doc. No. 35). Defendant's Motion is almost entirely non-responsive to this Court's Order (Doc. No. 34) and is therefore temporarily DENIED.

Defendant claims that his attorney, Bruce Park, impeded the filing of his § 2255 motion and that this impediment was not removed until Mr. Park's death on December 22, 2007. The Court's Order required Defendant to provide specific facts, in a sworn affidavit, detailing how Mr. Park impeded Defendant from filing a § 2255 motion. Defendant's Motion is entirely inadequate in this regard. As far as the Court can tell, Defendant's Motion contains only two vague allegations of impediment: (1) Defendant did not have his "case file" before Mr. Park's death and, therefore, did not know all of the errors Mr. Park made during Defendant's sentencing; and (2) Defendant could not afford the $300 to have his filed copied. Neither of these allegations has anything to do with Mr. Park legally impeding Defendant from proceeding with his § 2255 motion.

Defendant, after obtaining his file from an unnamed third party, allegedly discovered that Mr. Park had been ineffective during Defendant's sentencing. Sentencing proceedings, including any objections Mr. Park did or did not make, are matters of public record. The fact that Defendant did

not have his "file" is irrelevant to the requirement that he exercise due diligence in the face of public knowledge. See Green v. Johnson, 515 F.3d 290, 305 (4th Cir. 2008); Wade v. Robinson, 327 F.3d 328, 333 (4th Cir. 2003). Defendant also references emails that he sent to Mr. Park as being a part of his file. These emails, however, originated with Defendant and cannot have presented information Defendant did not have. The Court is at a loss as to how these emails present an impediment of Mr. Park vis-à-vis Defendant.

The Court wishes to be perfectly clear, so it will reiterated one final time what is required of Defendant. It is hereby ORDERED that

- Defendant provide the Court with a **sworn affidavit**. Any further motions filed by Defendant absent such an affidavit will be summarily denied.

- Said affidavit shall include only **factual allegations**. Defendant has presented his legal theories repeatedly and at great length. He need not do so again.

- These factual allegations must state **how, exactly and with specific detail, Mr. Bruce Park impeded Defendant from filing a § 2255 motion**. Mr. Park's retention of Defendant's "case file," containing nothing but matters of public record and emails from the Defendant himself, is insufficient. If these allegations represent the sum total of the alleged impediment, Defendant's Motion will be permanently denied.

- Defendant shall file this affidavit within forty-five (45) days, on or before **October 12, 2009**.

- If and when Defendant files his affidavit, the Government shall respond.

Defendant is warned that anything but strict compliance with this Order shall result in summary dismissal of any future motions.

IT IS SO ORDERED.

Signed: August 27, 2009

*Frank D. Whitney*
Frank D. Whitney
United States District Judge