# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
## DOCKET NO. 3:04-cr-267, 3:04-cr-268

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| JEFFREY A. HOPKINS ) | |

THIS MATTER is before the Court on "Motion to Sanction Assistant US Attorney" (3:04-cr-267-Doc. No. 49; 3:04-cr-268-Doc. No. 35); "Motion to Vacate Sentence and Order Immediate Release From Custody as Authorized by 18 U.S.C. § 3742(a)" (Doc. No. 50; Doc No. 36); "Motion Requesting Home Confinement" (Doc. No. 51; Doc. No. 37); and "Motion for Entry of Default Judgment, or in the alternative, for Summary Judgment" (Doc. No. 52; Doc. No. 38). For the reasons set forth, Mr. Hopkins' pro se motions are DENIED.

## I. Background

Mr. Hopkins has been nothing if not persistent. Mr. Hopkins pleaded guilty to three separate counts in two cases: conspiracy to defraud the United States in violation of 18 U.S.C. § 371; mail fraud and aiding and abetting the same in violation of 18 U.S.C. § 1341 and 2; and conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h). Mr. Hopkins, an attorney at the time licensed to practice in North Carolina, entered into a plea agreement and, subsequently, was sentenced in each case to sixty (60) months to Count 1 and seventy-two (72) months for Counts 2 and 3, to run concurrently to each other and to Count 1.

Afterward, Mr. Hopkins filed an untimely 28 U.S.C. § 2255 motion, which the Court dismissed in June 2009. Mr. Hopkins later appealed this Court's orders dismissing his § 2255

motion, denying his motion for a certificate of appealability, and denying his subsequent motion for reconsideration. In March 2010, the Fourth Circuit denied a certificate of appealability and dismissed the appeal.

Despite this, Mr. Hopkins has continued to petition this Court time and time again requesting that the Court vacate his sentence, release him to home confinement, impose sanctions of the Assistant U.S. Attorney, and enter default judgment.

## II. DISCUSSION

The Court will attempt to address each of Mr. Hopkins' pending motions and requests in turn.

### A. "Motion to Sanction Assistant US Attorney"

Mr. Hopkins has once again asked this Court to sanction an Assistant U.S. Attorney involved in this case. The Court has denied this request once before, and does so once again. Mr. Hopkins asserts that his assistant stole money from him and that the Assistant U.S. Attorney, by submitting an interview report where defendant's assistant denied the theft, lied in open court. On its face, Mr. Hopkins' logic is a bit of a *non sequitur*, and the Court finds no reason to impose any sanction. Mr. Hopkins further argues that the Assistant U.S. Attorney should be sanctioned for submitting an erroneous loss amount. Such an argument is both untimely and completely without merit because Defendant had an opportunity to object to the loss amount attributable to him during the sentencing phase, and the Court has already made a finding as to the loss amount during the sentencing hearing.

Mr. Hopkins further states that the court has refused to address any of the legal issues put forth by him since August 28, 2008, and yet, the docket reflects that the Court issued five orders addressing Mr. Hopkins' concerns since that time. Moreover, the Fourth Circuit dismissed Mr. Hopkins' appeal during this time frame.

**B. "Motion to Vacate Sentence and Order Immediate Release From Custody as Authorized by 18 U.S.C. § 3742(a)"**

Even though Mr. Hopkins entered into a plea agreement, he has continued to challenge his sentence as "illegal." Most of Mr. Hopkins' arguments are premised on an erroneous loss amount calculation and ineffective assistance of counsel. To the extent Mr. Hopkins claims ineffective assistance of counsel, such arguments are successive and time-barred. Further, the Court has denied a previous motion to vacate submitted by Mr. Hopkins, and the Court finds the current motion and arguments are duplicative and without merit.

**C. "Motion Requesting Home Confinement"**

Mr. Hopkins requests that "the Court grant him home confinement." (Doc. No. 37 at 1). This is not the first time that Mr. Hopkins has made this motion. In fact, the Court has repeatedly denied this request, and also denies that request here. The Court recognizes that it must be difficult for Mr. Hopkins to be away from his wife and daughter, but the Court reminds Defendant that he is the one that committed acts which have placed him in this sad situation.

**D. "Motion for Entry of Default Judgment, or in the alternative, for Summary Judgment"**

Mr. Hopkins also moves for the Court to enter a default judgment against the Government for failing to respond to some of Defendant's motions. Such an motion is procedurally inappropriate and without merit in this criminal case.

**E. Other Requests**

In many of the pending motions before this Court, Mr. Hopkins makes a request for a copy of a document which he characterizes as a document recalculating his sentencing points. The Court is not aware of any such document. It is possible that Mr. Hopkins could be referring to an addendum to the presentence report, which was distributed to all parties in October 2006, by the

U.S. Probation Officer. This addendum addressed any objections by Defendant and/or the Government to the initial presentence report.

Mr. Hopkins has also requested that the Court suspend his mandatory drug testing requirement as a condition of his supervised release. At this time, the Court denies this request, but the Court may consider Mr. Hopkins' request upon appropriate motion once he has served his sentence and is under supervised release.

**F. Continuing to Make Frivolous Motions**

As the Court has noted, Mr. Hopkins has repeatedly written this Court requesting the same relief and making the same arguments over and over again, even after the Court has made its rulings. And Mr. Hopkins, who once practiced as a license attorney, must know the meaning of a frivolous motion. Many of the recent motions filed before this Court have certainly been duplicative, and many of the motions are borderline frivolous. Mr. Hopkins is warned that submitting frivolous motions to the Court may result in sanctions against him. That being said, if there is some new concern or request, the Court will address it. However, to be clear, the Court will not tolerate multiple motions continuing to rehash the same issues where the Court has already made its ruling.

ACCORDING, IT IS THEREFORE ORDERED THAT:

1. Mr. Hopkins' "Motion to Sanction Assistant US Attorney" (3:04-cr-267-Doc. No. 49; 3:04-cr-268-Doc. No. 35) is DENIED.

2. Mr. Hopkins' "Motion to Vacate Sentence and Order Immediate Release From Custody as Authorized by 18 U.S.C. § 3742(a)" (Doc. No. 50; Doc No. 36) is DENIED;

3. Mr. Hopkins' "Motion Requesting Home Confinement" (Doc. No. 51; Doc. No. 37)

is DENIED; and

4. Mr. Hopkins' "Motion for Entry of Default Judgment, or in the alternative, for Summary Judgment" (Doc. No. 52; Doc. No. 38) is DENIED.

The Clerk is directed to mail copies of this Order and an updated copy of the docket to Mr. Hopkins at his address of record.

IT IS SO ORDERED.

Signed: January 6, 2011

Frank D. Whitney
United States District Judge