**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
Docket No. 3:04-cr-267, 3:04-cr-268

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| JEFFREY A. HOPKINS, ) | |
| ) | |
| Defendant. ) | |
| ) | |

THIS MATTER is before the Court on several filings of Defendant Jeffrey A. Hopkins, including "Motion to Reconsider Motion to Vacate Sentence and Order Immediate Release from Custody" (Doc. No. 55, 57); "Motion Requesting an Immediate Ruling" (Doc. No. 56); and "Motion to Have Sentence Vacated for Procedural Error and to Order Immediate Release" (Doc. No. 59). For the reasons set forth Mr. Hopkins' *pro se* motions are DENIED.

## I. Background

Mr. Hopkins continues his quixotic efforts to avoid serving the length of his sentence; the instant filings respectively represent at least the eleventh, twelfth, and thirteenth attempts to vacate or modify his sentence in some way. (See Doc. No. 20; 27; 29; 32; 38; 39; 46; 50; 51; 52). Mr. Hopkins pleaded guilty to three separate counts in two cases: conspiracy to defraud the United States, in violation of 18 U.S.C. § 371; mail fraud and aiding and abetting the same in violation of 18 U.S.C. §§ 1341 and 2; and conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h). Pursuant to the plea agreement, the parties stipulated and agreed that the amount of loss attributable to Mr. Hopkins for the two cases was between $2.5 million and $7 million, mandating an eighteen offense level enhancement under the Sentencing Guidelines. U.S.S.G. § 2B1.1(b)(1)(J).

The parties further agreed that the adjusted offense level for the fraud counts was twenty-six (26) and the adjusted offense level for the money laundering count was twenty-eight (28), which gave Mr. Hopkins a sentencing range of 63-78 months on counts 1 and 2 and a range of 78-97 months on count 3. The plea agreement was signed by Mr. Hopkins and his counsel and Mr. Hopkins' plea was accepted as knowing and voluntary at a Rule 11 hearing held before Magistrate Judge Carl Horn on November 8, 2004, and again at the sentencing hearing held before District Judge Frank D. Whitney on April 11, 2007. At the sentencing hearing, Judge Whitney adjusted the offense level for the money laundering charge to twenty-seven (27), making the guideline range 70-87 months. Mr. Hopkins was sentenced in each case to sixty (60) months on Count 1 and seventy-two (72) months for Counts 2 and 3, to run concurrently to each other and to Count 1.

On August 29, 2008, Mr. Hopkins filed a *pro se* "Motion for Sentence Reduction" in which he argued that his sentence was determined in large part due to an erroneous calculation of the loss amount. Specifically, Mr. Hopkins argued that the government failed to meet a Court-mandated deadline to submit an inventory of losses, and thus the Court should have concluded no losses were attributable to Mr. Hopkins. (Doc. No. 20 at 3). The Court converted Mr. Hopkins' motion into a Motion to Vacate, Correct or Set Aside the Sentence pursuant to 28 U.S.C. § 2255, and provided Mr. Hopkins with additional time to withdraw the motion or to amend it to include all § 2255 claims. (Doc. No. 23). Mr. Hopkins' § 2255 motion was ultimately dismissed as untimely. (Doc. No. 28).

Mr. Hopkins later appealed this Court's orders dismissing his § 2255 motion, denying his motion for a certificate of appealability, and denying his subsequent motion for reconsideration. In March 2010, the Fourth Circuit denied a certificate of appealability and dismissed the appeal. (Doc. No. 45). Despite this, Mr. Hopkins has continued to repeatedly petition this Court requesting that the Court vacate his sentence and/or release him to home confinement.

Most recently, the Court considered, among others, a motion filed by Mr. Hopkins to "Vacate Sentence and Order Immediate Release From Custody as Authorized by 18 U.S.C. § 3742(a)" (Doc. No. 50). On January 6, 2011, the Court denied this motion, which was grounded in the argument that his sentence was based on an erroneous loss amount, noting that the Court had already considered and "denied a previous motion to vacate submitted by Mr. Hopkins, and . . . [finding] the current motion and arguments are duplicative and without merit." (Doc. No. 54 at 3). The Court issued to Mr. Hopkins the following warning:

> Mr. Hopkins has repeatedly written this Court requesting the same relief and making the same arguments over and over again, even after the Court has made its ruling. And Mr. Hopkins, who once practiced as a licensed attorney, must know the meaning of a frivolous motion. Many of the recent motions filed before this Court have certainly been duplicative, and many of the motions are borderline frivolous. Mr. Hopkins is warned that submitting frivolous motions to the Court may result in sanctions against him. That being said, if there is some new concern or request, the Court will address it. However, to be clear, the Court will not tolerate multiple motions continuing to rehash the same issues where the Court has already made its ruling.

(Id. at 4).

## II. Discussion

Now pending before the Court are three more attempts by Mr. Hopkins to have his sentence reduced, including a "Motion to Reconsider Motion to Vacate Sentence and Order Immediate Release from Custody," inadvertently filed twice by Mr. Hopkins (Doc. No. 55; 57), a "Motion Requesting an Immediate Ruling" (Doc. No. 56) which raises the same substantive argument as Mr. Hopkins' previous motions, and "Motion to Have Sentence Vacated for Procedural Error and to Order Immediate Release as Authorized by 18 U.S.C. § 3742(a)" (Doc. No. 59). Each of these motions, like those that preceded them, seeks to have Mr. Hopkins' sentence reduced because the loss amount was erroneously calculated. This argument is nothing if not familiar.

3

Given the Court's ample opportunity to consider and repeatedly reject Mr. Hopkins' argument that the loss amount was erroneously calculated, and especially considering the fact that Mr. Hopkins voluntarily stipulated to the loss amount in his plea agreement, Mr. Hopkins' pending motions are without merit and, furthermore, are frivolous. As the Court clearly warned Mr. Hopkins in its last ruling, "the Court will not tolerate multiple motions continuing to rehash the same issues where the Court has already made its ruling." (Doc. No. 54 at 4).

To the extent that Mr. Hopkins raises a new argument–that the Court erred by failing to adequately consider the sentencing factors articulated in 18 U.S.C. § 3553(a) or to sufficiently explain its departure or variance from the appropriate guidelines range–such argument is also without merit as the Court specifically considered the § 3553(a) factors prior to handing down Mr. Hopkins' sentence on April 11, 2007, and did not depart from the guidelines range. (See Sentencing Hr'g Tr., Doc. No. 18). Regardless of whether Mr. Hopkins has intentionally misstated the facts of this case, or has simply misremembered what occurred at his sentencing hearing, because this argument has no legitimate basis in law or fact, it too is frivolous.

Accordingly, the Court has little choice but to issue this final warning. Prisoners do not have an absolute and unconditional right of access to the courts in order to prosecute frivolous, malicious, abusive or vexatious motions. Demos v. Keating, 33 Fed. Appx. 918 (10th Cir. 2002); Tinker v. Hanks, 255 F.3d 444, 445 (7th Cir. 2001); In re Vincent, 105 F.3d 943 (4th Cir. 1997). **Mr. Hopkins is hereby warned that future frivolous filings will result in the imposition of a pre-filing review system.** Vestal v. Clinton, 106 F.3d 553 (4th Cir. 1997). If such a system is placed in effect, pleadings presented to the Court which are not made in good faith and which do not contain substance, will be summarily dismissed as frivolous. Foley v. Fix, 106 F.3d 556 (4th Cir. 1997); In re Head, 19 F.3d 1429 (table), 1994 WL 118464 (4th Cir. 1994). **Thereafter, if such**

4

**writings persist, the pre-filing system may be modified to include an injunction from filings**.

See 28 U.S.C. §1651(a); In re Martin-Trigona, 737 F.2d 1254 (2d Cir. 1984).

    IT IS THEREFORE ORDERED that Mr. Hopkins' Motions (Doc. No. 55, 56, 57, 59) are DENIED.

    IT IS SO ORDERED.

Signed: August 10, 2011

Max O. Cogburn Jr.
United States District Judge